UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:01-cr-00607-RAR/Becerra

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERTO CHINEAG,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1] ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** came before the Court on Gilberto Chineag's ("Defendant") *pro se* Motion for Compassionate Release (the "Motion"). ECF No. [212]. The United States of America (the "Government") filed a Response to Defendant's Motion. ECF No. [213], but Defendant did not file a reply. Upon due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED**.

**I.    BACKGROUND**

On June 26, 2001, a federal grand jury returned a five-count Indictment charging Defendant, and his co-conspirators Maximiliano Valdez and Giraldo Olive-Marrero, with (1) conspiracy to commit a robbery affecting interstate commerce in violation of Title 18, United States Code, Section 1951(a) (Count 1); (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of Title 21, United States Code, Section 841(a)(1) and

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. ECF No. [216].

(b)(1)(A) and Section 846 (Count 2); (3) conspiracy to carry a firearm during and in relation to a drug trafficking crime and crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A) and (o) (Count 3); and (4) carrying a firearm during and in relation to a drug trafficking crime and crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A) and (c)(2) (Count 4). *See* ECF No. [15] at 1–3. Defendant was also charged with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) (Count 5). *Id.* at 3–4. Thereafter, the Government filed two Informations under Title 21, United States Code, Section 851(a) asserting the intention to seek an enhanced penalty against Defendant of a mandatory term of life imprisonment based on his two prior felony drug convictions. ECF Nos. [38], [51].

Following a five-day trial, the jury returned a verdict of guilty as to Counts I, II, and III, and not guilty as to Counts IV and V. ECF No. [67]. On March 15, 2002, the Court sentenced Defendant to life imprisonment as to Count II, and 240-months' imprisonment on Counts I and III, to be served concurrently, followed by ten years' supervised release, and imposed a fine of $7,500.00. ECF No [101]. On appeal, the Eleventh Circuit Court of Appeals affirmed Defendant's conviction, but vacated and remanded his case for resentencing with directions that the Court comply with the mandatory procedural requirements of Section 851(b). ECF No. [142]. On remand, the District Court reimposed the same sentence. ECF No. [158]. Defendant again appealed, ECF No. [160], but the Eleventh Circuit affirmed the sentence, ECF No. [168]. On October 12, 2004, Defendant filed a timely habeas petition under Title 28, United States Code, Section 2255, which was subsequently denied by the District Court. *See Chineag v. United States*, No. 04-cv-22575 (S.D. Fla. Oct. 12, 2004), ECF Nos. [1], [11]. On appeal, the Eleventh Circuit

affirmed the District Court's denial of the habeas petition. *Chineag v. United States*, No. 04-cv-22575 (S.D. Fla. July 11, 2007), ECF No. [26].

On January 25, 2021, Defendant submitted a compassionate release request to the warden of USP Atlanta, the facility where he is being held. ECF No. [212] at 13. Defendant stated that compassionate release is warranted due to his age and numerous medical problems, namely that he suffers from high blood pressure and had a heart attack four years prior. *Id.* On March 29, 2021, the warden denied his request based on the review conducted by the medical staff. *Id.* at 14. Specifically, the warden stated that Defendant did not qualify for compassionate release because he did not have a debilitating medical condition. *Id.*

On May 21, 2021, Defendant filed the instant Motion, requesting compassionate release. ECF No. [212]. Defendant emphasizes that his age and diminishing ability to function place him at the "grave risk of death from the present spread of COVID-19" in a federal prison. *Id.* at 1, 10, 17. Specifically, Defendant directs the Court to his doctor's opinion, which states that Defendant meets the criteria for compassionate release because he is a now 77-year-old Hispanic male with "Hypertension, Anema, Degenerative Disc Disease, and Esophageal Reflux." *Id.* at 3. Defendant also submitted three letters of recommendation from staff members who attest that Defendant is a model inmate. *Id.* at 19–21. In addition, Defendant submitted letters from his niece and sister who state that Defendant would be a productive member of society should he be released. *Id.* at 31–32. Finally, Defendant submitted multiple certificates of completion of religious courses, which demonstrate that he has reformed his life. *Id.* at 39–62.

In response, the Government first makes note of the BOP's response to the pandemic. ECF No. [213] at 6–7. The Government states that Defendant is being held in USP Atlanta where, at the time the Response was filed, 218 staff members and 691 inmates had been vaccinated against

COVID-19. *Id.* at 7.[2] In addition, the Government states that the BOP has implemented an operation plan to minimize the risk of COVID-19 transmission. ECF No. [212] at 9. Specifically, upon arrival, inmates are quarantined for 14 days and tested, inmate movement is restricted to promote social distancing, masks are required for inmates and staff, staff's symptoms are screened daily, visitations have been suspended at most institutions, and outside entry is restricted to essential services. *Id.* at 9–10. Moreover, when an outbreak occurs, infected inmates and contacts are quarantined and tested for a two-week period. *Id.*

The Government states that although Defendant has an impressive record, he cannot demonstrate extraordinary and compelling reasons to justify compassionate release. *Id.* at 12. Specifically, the generalized fear of COVID-19 is not an extraordinary and compelling justification, particularly where Defendant has received the COVID-19 vaccine. *Id.* at 21. Moreover, although Defendant meets the statutory age requirement for compassionate release, he is receiving treatment for his hypertension and his remaining ailments are neither extraordinary nor compelling. *Id.* at 21–22.

## II.    ANALYSIS

Title 18, United States Code, Section 3582(c)(1)(A) permits a defendant to seek compassionate release after he has exhausted his administrative remedies within the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A) (stating that a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion . . . or the lapse

---

[2] Based on the BOP's continued vaccination efforts, USP Atlanta now reports that 222 staff members and 765 inmates have been completely inoculated. *See* Federal Bureau of Prisons, *COVID-19 Vaccine Implementation* (Sept. 23, 2021), https://www.bop.gov/coronavirus/index.jsp.

of 30 days from the receipt of such a request by the warden of the defendant's facility").[3] Once the administrative remedies have been exhausted, a court may grant compassionate release if it finds "extraordinary and compelling reasons" and that granting the relief requested "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i)–(ii). The applicable policy statement issued by the Sentencing Commission provides that a court may reduce a term of imprisonment upon a determination that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)–(3); *United States v. Bryant*, 996 F.3d 1243, 1258 (11th Cir. 2021) (stating that "1B1.13 [is] an applicable policy statement for all Section 3582(c)(1)(A) motions, regardless of who files them"). In turn, the policy statement defines "extraordinary and compelling reasons" as follows:

> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the

---

[3] Section 3582 was amended by the First Step Act of 2018 to permit prisoners to file motions for compassionate release directly with the Court. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

    aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—
        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Section 3582(c)(1)(A) also requires that the court consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Specifically, Section 3553(a) sets forth the factors to be considered in imposing a sentence, including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1)–(7). The burden is on the defendant to establish that compassionate release is warranted. *United States v. Rodriquez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020).

As an initial matter, it is undisputed that this Motion is properly before the Court because Defendant has exhausted all administrative remedies. ECF No. [213] at 12. However, Defendant

has not demonstrated extraordinary and compelling reasons to warrant compassionate release. Indeed, the policy statements provide that age is a compelling and extraordinary reason if the defendant is over 65 years old, *and* "is experiencing a serious deterioration in physical or mental health because of the aging process," *and* "has served at least 10 years or 75 percent of his or her term of imprisonment." U.S.S.G. § 1B1.13, Application Note 1. In his Motion, Defendant states that extraordinary and compelling reasons warrant compassionate release in his case because he is 77 years old and he is suffering from "Hypertension, Anema, Degenerative Disc Disease, and Esophageal Reflux." ECF No. [212] at 1–3. However, the record reveals that Defendant is receiving treatment for his medical conditions and that the treatment has proven to be effective. *See* ECF No. [214-3] at 1 ("Requesting medication refills. States all meds are working well, no complaints at this time."). As such, the only justification for release appears to be Defendant's age. "But age, without more, is not enough." *United States v. Monaco*, 832 Fed. Appx. 626, 629 (11th Cir. 2020). To be sure, Defendant has not demonstrated that the aging process has caused any serious deterioration in his physical or mental health, and "the policy statements do not support age alone as an extraordinary and compelling reason for compassionate release." *Id.*

Instead, Defendant emphasizes that compassionate release is warranted because he is at "grave risk" of COVID-19 complications. ECF No. [212] at 23–24. Defendant's argument, however, is belied by the record. Indeed, the record reveals that Defendant has been fully vaccinated against COVID-19 since February 2021. ECF No. [214-3] at 80. And, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Parker*, No. 06-60130-CR, 2021 WL 2434270, at

7

*3 (S.D. Fla. June 14, 2021) ("The Defendant argues that he has a high probability of being exposed to COVID-19 but the extensive availability of vaccines clearly rebuts that dated argument."); *United States v. Harris*, No. 18-20939-CR, 2021 WL 2019543, at *1 (S.D. Fla. May 4, 2021) ("The BOP has taken significant steps to protect the health of the inmates in its charge, including, as noted by the Government, administering COVID-19 vaccines to inmates, including Defendant.").

Notwithstanding, even if Defendant's age and medical conditions were to weigh in favor of compassionate release, the Court must consider the Section 3553(a) factors. Indeed, Defendant was involved in planning and attempting to execute a violent robbery, for which he received a life sentence. *See* ECF No. [213] at 3–6. Thus, releasing Defendant now would not promote respect for the law, provide punishment for his offense, nor afford adequate deterrence. Although the Court commends Defendant's disciplinary record while incarcerated and is sympathetic to his health condition, his release now would undermine the goals of just punishment and general deterrence. Therefore, because the Court finds that the Section 3553(a) factors are inconsistent with Defendant's release, his Motion should be denied.

### III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion for Compassionate Release, ECF No. [212] be **DENIED**.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report

and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on September 23, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE