UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-CR-00607-RAR

UNITED STATES OF AMERICA

vs.

GILBERTO CHINEAG,

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court upon Defendant Gilberto Chineag's Motion for Sentence Reduction Under 18 U.S.C. § 3582 (c)(1)(A) ("Motion"), [ECF No. 226]. On March 24, 2023, Defendant Gilberto Chineag, proceeding *pro se*, filed a Motion seeking early release under the so-called compassionate release statute codified at 18 U.S.C. § 3582(c)(1)(A). In addition to requesting a sentence reduction, Defendant's Motion also requests assistance of counsel. Mot. at 6. The Court having considered the Motion; Defendant's Additional Memorandum in Support of his Motion, [ECF Nos. 227–228, 230]; the Government's Response in Opposition, [ECF No. 234]; and Defendant's Reply, [ECF No. 238], it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 226], is **DENIED** *without prejudice* given the recent amendment to U.S.S.G. § 1B1.13, as explained herein.

## LEGAL STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." *United States v. Lazo*, No. 22-13508, 2024 WL 748665, at *2 (11th Cir. Feb. 23, 2024) (quoting 18 U.S.C. § 3582(c)). However, Title 18, Section 3582(c)(1)(A) of the United States Code—commonly referred to as the "compassionate release" provision—is a limited exception to this

general rule. *See id.* This statutory provision authorizes courts to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]

In 2018, Congress passed the First Step Act ("FSA"),[2] Section 604 of which expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions, where previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [United States Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Bryant*, 996 F.3d at 1259. Thus, as modified by the FSA, Section 3582(c)(1)(A) now provides:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable *policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

With respect to the applicable policy statements referenced in Section 3582(c)(1)(A), 28 U.S.C. § 994(t) commands that "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including

---

[1] Section 3582(c)(1)(A)(ii) also allows for a sentence reduction where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Here, because Defendant has not served 30 years in prison, subsection (ii) is inapplicable.

[2] First Step Act of 2018, Pub. L. No. 115–391, § 603(b), 132 Stat. 5194, 5239. The First Step Act was enacted on December 21, 2018.

the criteria to be applied and a list of specific examples[.]" And as the Eleventh Circuit has noted, "the Commission did [so in promulgating Section] 1B1.13, which is entitled 'Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A).'" *Bryant*, 996 F.3d at 1247. Thus, the Section 1B1.13 Policy Statement governs courts' consideration of compassionate release motions filed under Section 3582(c)(1)(A). *See id.*; 28 U.S.C. § 994(t).

Notably, in April 2023, the Sentencing Commission passed Amendment 814—effective November 1, 2023—which implemented a series of long-awaited updates to the Section 1B1.13 Policy Statement,[3] including (1) moving the list of circumstances that qualify as "extraordinary and compelling" from the Application Notes in Section 1B1.13's Commentary to a standalone

---

[3] By way of background, the Court notes that for several years after the passage of the FSA, the Sentencing Commission lacked the requisite quorum to update Section 1B1.13 in accordance with the FSA's changes to the compassionate release provision codified at Section 3582(c)(1)(A). Thus, "before November 1, 2023, the Sentencing Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act." *United States v. Padilla*, No. 16 CR. 317-04 (PAE), 2024 WL 749566, at *3 (S.D.N.Y. Feb. 23, 2024). But after Congress changed the statute to allow defendants to file motions in addition to the BOP, a circuit split emerged concerning whether Section 1B1.13 constituted an "applicable policy statement" for defendant-filed motions, since the policy statement, quoting the pre-existing statute's language, began with the phrase "[u]pon motion of the Director of the Bureau of Prisons." *Bryant*, 996 F.3d at 1247. As a result, some circuits determined that Section 1B1.13 was not an "applicable policy statement" binding judicial discretion as to defendant-filed motions, effectively affording courts in these circuits great discretion, under Application Note 1(D), concerning whether to grant or deny compassionate release motions. *Id.* at 1248. Other circuits, including the Eleventh Circuit, continued to consider Section 1B1.13 an applicable policy statement for all Section 3582(c)(1)(A) motions, notwithstanding the former version of Section 1B1.13's prefatory phrase "[u]pon motion of the Director of the Bureau of Prisons." *Id.* (holding, "[i]n short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop "other reasons" that might justify a reduction in a defendant's sentence."). Accordingly, prior to November 1, 2023, the law in the Eleventh Circuit was that Section 1B1.13 Application Note 1(D) did not grant courts discretion to develop their own "other reasons" that might justify a reduction in a defendant's sentence beyond those articulated by the BOP. *See id.* However, in light of Amendment 814's recent changes to Section 1B1.13, this circuit split now appears to be moot, since the new Section 1B1.13 moves the circumstances constituting extraordinary and compelling reasons from the commentary into the text of the Section 1B1.13 Policy Statement itself; brings the language of Section 1B1.13 in line with the FSA; and removes the ambiguity from the previous version of Section 1B1.13. *See United States v. Prada*, No. 22-13059, slip op. at 6–7 (11th Cir. Mar. 27, 2024) (per curiam) (stating "[t]he Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move[d] the definition of 'extraordinary and compelling reasons' to the text of the Guidelines."). Accordingly, Section 1B1.13 now controls courts' evaluation of all compassionate release petitions, whether BOP or defendant initiated.

subsection placed within the main body of the Section 1B1.13 Policy Statement; (2) expanding the list of "extraordinary and compelling reasons," which *inter alia*, (a) retitled the "Medical Circumstances" category and added various additional subcategories; (b) significantly expanded the "Family Circumstances" category by adding additional subcategories; (c) added a new "Victim of Abuse" category; (d) significantly expanded the "Other Reasons" category to preserve judicial discretion to decide compassionate release motions, whether BOP or defendant filed, provided that such other circumstances, "when considered by themselves or together with any of the reasons" listed in Section 1B1.13 "are similar in gravity"; and (e) added an "Unusually Long Sentences" category, which permits courts to consider non-retroactive changes in law under a specific set of circumstances. *Compare* U.S.S.G. § 1B1.13 (2023)[4] *with* U.S.S.G. § 1B1.13 (2021); *see also Prada*, No. 22-13059, at 6–7. Thus, as modified, the new Section 1B1.13 identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment under Section 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13(b)(1)–(6) (2023); *see also Prada*, No. 22-13059, at 6–7.

Further, as to the relevance of the filing-defendant's rehabilitation while incarcerated, the revised Section 1B1.13 now states, "[p]ursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.13(d) (2023). Critically,

---

[4] U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023).

Amendment 814's key change to the Section 1B1.13 rehabilitation provision is the addition of a new clause that now explicitly allows courts to consider a defendant's rehabilitation while serving a sentence in determining whether and to what extent a sentence reduction is warranted, so long as rehabilitation is considered in combination with "other circumstances." *Compare* U.S.S.G. 1B1.13(d) (2023) *with* U.S.S.G. 1B1.13 cmt. n.3 (2021).

But even if one or some combination of the extraordinary and compelling reasons listed above is present, the Court must still determine that early release remains consistent with "the factors set forth in section 3553(a) to the extent that they are applicable" before a sentence reduction is proper. *See* 18 U.S.C. § 3582(c)(1)(A). Thus, under Section 3582(c)(1)(A), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in Section 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in Section 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

Finally, for defendant-filed motions brought under Section 3582(c)(1)(A), the defendant must first meet the administrative exhaustion requirement, 18 U.S.C. § 3582(c)(1)(A), and the defendant bears the burden of establishing that compassionate release is warranted, s*ee United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act).

## ANALYSIS

Defendant's Motion was filed in March 2023, approximately one month prior to the Sentencing Commission's passage of Amendment 814 and eight months prior to the Amendment's effective date. Accordingly, Defendant's Motion for early release advances arguments under the old Section 1B1.13. But given Amendment 814's changes to what constitutes "extraordinary and compelling" circumstances under Section 3582(c)(1)(A), the Court finds that Defendant's Motion warrants denial without prejudice to refiling in light of the recently amended Section 1B1.13.

As to the Motion's request for assistance of counsel, Defendant's request must also be denied. The Eleventh Circuit has held that there is no right to counsel in Section 3582(c)(1)(A) proceedings, and that such decisions are "left to the discretion of the district court." *United States v. Rolon*, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (quoting *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (holding there is no constitutional or statutory right to counsel in Section 3582(c)(2) proceedings)). And, as the *Rolon* Court also noted, "*pro se* status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'" *Id.* (cleaned up) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Such circumstances are not present in this case, and the Court accordingly finds that the interests of justice do not necessitate the appointment of counsel here.

Finally, as to the Government's exhaustion-of-administrative-remedies argument, the Court is unpersuaded. Per Section 3582(c)(1)(A), "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]"  18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A)'s "exhaustion requirement is not jurisdictional[,]" but is instead "a claim processing rule."  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  "Claim processing rules require that the parties take certain procedural steps at certain specified times."  *Id.*  The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it[.]"  *Id.*

In its Response, the Government states that "[a]lthough Defendant attached and submitted to the warden of his institution a request for compassionate release, the request addressed Defendant's age and purported 'health issues' only.  Indeed, the warden was not given an opportunity, as is required, to address Defendant's alleged extraordinary and compelling reasons as espoused in his current motion.  Therefore, the Court lacks jurisdiction to entertain it."  Resp. at 7–8.  The Government's argument is both unavailing and confusing.  For one thing, the Government's own brief concedes the "exhaustion requirement is not jurisdictional[,]" but is instead "a claim processing rule."  *Id.* at 8 (citing *Harris*, 989 F.3d at 911).  It is thus unclear why the Government argues on the very same page that the Court is without jurisdiction to entertain Defendant's Motion.  *See id.*  Second, Defendant also includes—as a supplemental filing—a filled-out BOP form dated February 14, 2023 showing what appears to be Defendant's request to the warden of his facility to bring a Section 3582(c)(1)(A) Motion on his behalf.  *See* [ECF No. 227-1] at 2.  The Court also notes that Defendant's request is written on what appears to be a BOP-issued form that provides just ten lines for Defendant to write his request.  And on those ten lines, Defendant's request cites the relevant statute, the amount of time Defendant has been incarcerated, his age, his health issues, and his alleged good conduct while in prison—all of which Defendant adduces as reasons in support of his request.

It is thus unclear to the Court what more the Government would require of Defendant. It is similarly unclear why the Government now suggests that the warden did not have an opportunity to address Defendant's alleged extraordinary and compelling reasons. Under both the old and new Section 1B1.13, age, time-served, and medical conditions were and remain among those factors that can warrant early release; and rehabilitation was and remains a factor provided it is considered alongside other extraordinary and compelling circumstances rather than standing alone. *Compare* U.S.S.G. § 1B1.13 (2023) *with* U.S.S.G. § 1B1.13 (2021). As the relevant text of Section 3582(c)(1)(A) makes clear, "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after . . . the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]" Defendant appears to have done just that. Accordingly, the Government's exhaustion argument fails.

## CONCLUSION

For the foregoing reasons, Defendant's Motion, [ECF No. 226], is **DENIED** *without prejudice* to Defendant refiling his Motion to address the Sentencing Commission's updates to Section 1B1.13. Should Defendant choose to refile an updated Motion in response to this Order, he is not required to once again exhaust administrative remedies, as the Court has already determined that Defendant has done so. Accordingly, Defendant may **refile** an updated Motion directly with this Court without the need to first request BOP action on his behalf.

**DONE AND ORDERED** in Miami, Florida, this 28th day of March, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**